[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Tiffany M had been in the temporary custody of the Department CT Page 16090 of Children and Families since September 18, 1998. She has been residing with her adult sister, Dorothy O since temporary custody was granted to, her by this court on October 7, 1998. DCF now seeks to transfer guardianship of Tiffany to Dorothy O, a resident of Massachusetts. An interstate study finds no problems which should preclude such a transfer. A trial on the merits began October 7, 1999 and concluded on December 6, 1999.
The Court finds that it would not be in Tiffany's best interest to return to her parents. The living conditions, sociological and psychological problems which lead to the granting of an order of temporary custody and removal over a year ago have not been addressed. Although minimum counseling was engaged in, no significant progress was made. Throughout the trial it was obvious that there is minimal understanding of the problems and no understanding of the solutions. While Tiffany would like to return to her parents, she understands that this is not going to happen at this time. She is happy and thriving living with her sister. All parties recognized at the conclusion of the trial that a return of Tiffany to her parents would not be in her best interest at this time and would not be appropriate. The parents, rather, argue that Tiffany should be committed to DCF so that the Department could monitor visitation as well as offer restorative services to the parents. The parents, however, have demonstrated for more than a year that they do not engage in services vital to the return of Tiffany. Additionally, there was testimony by mother of domestic violence still going on in the home which alone would preclude the return of Tiffany. The issue of visitation is troubling. Clearly, Tiffany's parents want to visit with her and she enjoys her visits with her parents. The relationship between Dorothy O and her parents is strained, and between Dorothy's fiance and her parents it is beyond strained Although this strain is not in Tiffany's best interest, it does not rise to a level where Tiffany should not be living with Dorothy. It merely means that Tiffany's life is not as full as it would be were this issue not present. This is not something which DCF can or should rectify. Because of the personalities involved they have been unable to mediate visitation successfully in the past and certainly will not be able to in the future. This can only be done by a spirit of charity, generosity, understanding and forgiveness by both sides. Whether this will happen will depend on how deeply beyond lip-service each is truly committed to the well being of Tiffany. At the very least, all parties should be able to sit together at a holiday dinner with each refraining from any negative conversation about Tiffany's case, CT Page 16091 the role of each, the future of Tiffany, and concentrate instead on the future of all as a family. A recognition by all of how short and how fragile life is would not hurt this effort. It is hoped that Dorothy will initiate this effort, and be patient enough to persist even in the face of possible waning cooperation.
The Court finds that Dorothy has done a fine job with Tiffany over the year, and that Tiffany has thrived as a result. It is hoped, both for Tiffany and for Dorothy herself, that she can be the catalyst for change and improvement in the family. It is hoped that her fiancee will recognize the value to all involved of such an effort, and assist her in succeeding.
The Court finds that Dorothy O is suitable and worthy to be guardian of Tiffany and that such would be in Tiffany's best interest Custody and guardianship of Tiffany M. is vested in Dorothy O, with the admonition that visitation must continue and increase if Tiffany's best interests are to be served. This order is effective immediately.
Mack, J.